IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–02843–WJM–MDB

RALPH MARCUS HARDY,

    Plaintiff,

v.

ADAMS COUNTY, a municipality,
RICHARD REIGENBORN, Sheriff Adams County,
RABIE, Deputy,
OVERMYER, Deputy and ADA Coordinator, and
UNKNOWN, two masked deputies,

    Defendants.

## ORDER

This matter is before the Court on Mr. Hardy's Motion to Add Detention Specialist DeHerrera to the List of Defendants. (Doc. No. 34.) In the Motion, Mr. Hardy seeks to amend the operative Complaint to include "Detention Specialist DeHerrera" as a Defendant, saying he "inadvertently failed to include" Mr. DeHerrera in his Amended Complaint. (*Id.*; Doc. No. 22.) Defendants filed a response that indicates that they "do not object to the amendment of the case caption to include Mr. DeHerrera." (Doc. No. 46 at 2.) However, Defendants condition their lack of objection on the conditions that Mr. DeHerrera is sued only in his personal capacity and provided the amendment is "*nunc pro tunc* to December 12, 2022, and does not moot the current Adams County defendants pending motion to dismiss." (*Id.*) After review, the Motion is granted.

First, the Court agrees with Defendants that it is "not necessary or appropriate to name" DeHerrera in his official capacity. "Suits against [governmental] officials in their official capacity [are] treated as suits against the [government entity]." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, because Mr. Hardy has already sued Sheriff Reigenborn in his official capacity—effectively suing the Adams County Sheriff's Office—an official capacity claim against Mr. DeHerrera, a fellow Adams County Sheriff employee, would be superfluous. Accordingly, Mr. Hardy's Second Amended Complaint shall only include a personal capacity claim against DeHerrera.

Second, the Court agrees that the "addition of Mr. DeHerrera's name to the list of defendants" shall not moot Defendants' pending Motion to Dismiss.[1] (Doc. No. 34 at 2; Doc. No. 46 at 3; Doc. No. 35.) Plaintiff represents that in his Second Amended Complaint, "all facts, matters and pleadings" would remain as pled in the operative Complaint with the exception of naming DeHerrera as a defendant. (Doc. No. 34 at 2.) In light of this representation, and in the interest of judicial economy, the Court sees no reason why the proposed amendment should moot the pending motion to dismiss.

Because a plaintiff cannot incorporate information into a complaint by reference, Mr. Hardy is directed to refile the entirety of his Amended Complaint with Mr. DeHerrera added as a Defendant in his personal capacity. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that an amended complaint supersedes an original complaint and renders the original complaint without legal effect) (internal quotations and citations omitted).

---

[1] This is of no prejudice to Mr. DeHerrera's ability to file his own motion to dismiss if Mr. Hardy successfully serves him.

Accordingly, it is

**ORDERED** that Mr. Hardy's Motion to Add Detention Specialist DeHerrera to the List of Defendants is **GRANTED**

1. Mr. Hardy is directed to refile the entirety of his Amended Complaint with Mr. DeHerrera added as a Defendant in his personal capacity. Mr. Hardy shall not add or remove any allegations which were made in the Amended Complaint.
2. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Mr. Hardy shall serve Mr. DeHerrera on or before April 26, 2023.
3. The clerk is directed to send a copy of this order, a copy of the Amended Complaint (Doc. No. 22), and a copy of the docket sheet to Mr. Hardy at:

   Ralph Marcus Hardy
   #21-7798
   Adams County Detention Facility (ACDF)
   P.O. Box 5001
   150 North 19th Avenue
   Brighton, CO 80601

Dated this 26th day of January, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge