IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-CV-02843-WJM-MDB

**RALPH MARCUS HARDY,**

    Plaintiff,

v.

**ADAMS COUNTY, a municipality,
GENE CLAPS, Sheriff, Adams County, in his official capacity,
DEPUTY RABIE, deputy,
DEPUTY OVERMYER, deputy,
DEPUTY DEHERRERA, detention specialist, and
RICHARD REIGENBORN, in his individual capacity,**

    Defendants.

___

**DEFENDANT DENNIS RABIE'S MOTION TO DISMISS
PURSUANT TO Fed.R.Civ.P. 12(b)(6)**
___

Defendant Deputy Dennis Rabie, by and through his attorney, Kerri A. Booth, Assistant County Attorney, Adams County Attorney's Office, hereby moves to dismiss Plaintiff's Second Amended Prisoner Complaint and Request for Jury Trial (Doc. 55) pursuant to Fed. R. Civ. P. 12(b)(6) and in support thereof states as follows:

    **I.**    **CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1**

This motion is exempt from conferral pursuant to D.C.COLO.LCivR. 7.1(b)(1) and (2). Plaintiff is a *pro se* incarcerated person, therefore conferral is not required.

    **II.**    **FACTUAL ALLEGATIONS**

Mr. Hardy was booked into the Adams County Detention Facility on October 6, 2021. He alleges he suffers from an unspecified pre-existing disability that confines him to a wheelchair. Mr. Hardy alleges that during a portion of his stay in at the jail, he was housed in a cell that

1

provided only limited wheelchair access through the door and to the shower, toilet, sink, writing table, and law kiosk.

According to Mr. Hardy, on September 22, 2022 he fell from his wheelchair while attempting to maneuver around the privacy barrier for the toilet in his cell. This fall left him unable to rise from the floor near the toilet. His cellmate then repeatedly pressed the distress button located in his cell and eventually helped him back up into his wheelchair which, according to Mr. Hardy, caused his injuries. Mr. Hardy alleges that he waited for a response to the activated duress button for around an hour to an hour and a half.

Mr. Hardy then alleges that Deputy Rabie was the first to enter the housing unit after the distress button had been activated, but that he had not been informed that the distress button had been pressed. Shortly before shift change, Deputy Rabie was escorting inmate porters who were delivering the dinner meal to Mr. Hardy's unit. When Deputy Rabie opened the door to Mr. Hardy's cell to pass him his dinner meal, Mr. Hardy alleges that Deputy Rabie saw Mr. Hardy in a "contorted position and in extreme pain." It is further alleged that "anyone" could see that "Mr. Hardy was injured and needed medical attention." Mr. Hardy then indicated that Deputy Rabie asked Mr. Hardy what happened to him and that is when Mr. Hardy "verbally declared a medical emergency and informed Deputy Rabie that he had fallen while trying to make the wheelchair/toilet transfer." Mr. Hardy alleges that in response, Deputy Rabie told Mr. Hardy to file a grievance and then closed the cell door in Mr. Hardy's face.

Mr. Hardy's Second Amended Complaint (Doc. 55) brings one claim against Defendant Dennis Rabie pursuant to 42 U.S.C. §1983 specifically alleging that Deputy Rabie was deliberately indifferent to his serious medical needs because Deputy Rabie did not inform a shift sergeant of Mr. Hardy's injuries, write a report, or tell anyone else that Mr. Hardy needed medical care.

Despite these allegations, Mr. Hardy has failed to demonstrate that he suffered a constitutional violation as he has not pled adequate facts to show that Deputy Rabie was deliberately indifferent to any serious medical need under the applicable constitutional standards.

### III.  STANDARD OF REVIEW

"To survive a motion to dismiss for failure to state a claim upon which relief can be given, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility means that the plaintiff has pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility also refers "to the scope of the allegations in a complaint; if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). When examining the sufficiency of the allegations of a Complaint under Fed. R. Civ. P. 12(b)(6), the Court should disregard conclusory allegations and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *Id*. Mere formulaic recitations of the elements of a cause of action will not suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

### IV.  ARGUMENT

Mr. Hardy as brought one claim against Deputy Rabie, in his individual capacity. Mr. Hardy's second claim for relief is asserted against Deputy Rabie and alleges that Deputy Rabie committed a constitutional violation when he was deliberately indifferent to Mr. Hardy's serious medical needs. However, even when accepting Mr. Hardy's allegations in the Second Amended Complaint as true, these facts do not prove that Deputy Rabie acted with deliberate indifference to

a serious medical need. As such, Deputy Rabie is entitled to qualified immunity as to this claim and must be dismissed from this lawsuit.

### A. Deputy Rabie is Entitled to Qualified Immunity and Must be Dismissed.

To make a claim for relief under § 1983, Plaintiff must prove that "he was deprived of a right, privilege, or immunity secured by the federal constitution or federal laws by a person acting under color of state law." *Moody v. Ungerer*, 885 P.2d 200, 201 (Colo. 1994). A government defendant who acted under the color of state law and is accused of violating a plaintiff's federal rights may assert qualified immunity. Id. at 202. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit and is not simply a defense. *Mitchell v. Fortyth*, 472 U.S. 511, 526 (1985). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "To defeat the defendants' assertion of qualified immunity at the motion-to-dismiss stage, [the plaintiff] 'must allege sufficient facts that show – when taken as true – the defendant[s] plausibly violated h[is] constitutional rights, which were clearly established at the time of violation.'" *Sause v. Bauer*, 859 F.3d 1270, 1274 (10th Cir. 2017) (quoting *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012)).

The qualified immunity analysis has two prongs: "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In *Pearson*, the

Supreme Court held that the court has discretion to determine 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" *Martinez* at 1088.

    1.    <u>Mr. Hardy has not established that there was a violation of his constitutional rights.</u>

The determination of whether a violation occurred under the first prong of the qualified immunity analysis turns on substantive law regarding that right. *See*, *e.g.*, *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1282-83 (10th Cir. 2007). The Supreme Court and the Tenth Circuit have held that the Eighth Amendment's protections apply to pretrial detainees through the due process clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535-37, (1979); *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court outlined a two-part test, including both an objective and subjective component, in order to determine whether a "prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Therefore, in order to prevail on his claim that Deputy Rabie violated the Eighth Amendment, Plaintiff must show that (1) objectively, the harm complained of is sufficiently "serious" to merit constitutional protection and (2) defendants were subjectively aware of a substantial risk to plaintiff's health or safety and acted in purposeful disregard of that risk. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

    *a.*    *Objective Component*

The objective component requires that the deprivation be "sufficiently serious" to be of a constitutional dimension. *Farmer,* 511 U.S. at 834. To satisfy this component a plaintiff must establish that "he [was] incarcerated under conditions posing a substantial risk of serious harm," *Id.* This requires "more than ordinary lack of due care for the prisoner's interests or

5

safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Specifically, "[a] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

As an initial matter, the Second Amended Complaint does not state what injuries Mr. Hardy has actually sustained as a result of the fall and further fails to present any subsequent diagnosis demonstrating that Mr. Hardy's condition was sufficiently serious thereby meeting the objective component of the deliberate indifferent analysis. Further Mr. Hardy fails to plead facts that would have a tendency to show that his condition was such that it would have been obvious to a lay person that a doctor's attention was necessary.

Mr. Hardy acknowledges that Deputy Rabie was never alerted to the fact that the distress button had been activated. Instead, Deputy Rabie happened upon Mr. Hardy in the ordinary course of his shift. What he saw when he opened Mr. Hardy's cell was a man sitting, albeit allegedly in a "contorted" fashion, in a wheelchair. There are no allegations that Deputy Rabie had had previous interactions with Mr. Hardy such that he would have recognized that the "contorted" way that Mr. Hardy was sitting was anything but normal for him.  Mr. Hardy indicates that he was in extreme pain, and that Deputy Rabie should have noticed this and called for emergent medical attention. However, the facts pled fail to show or describe the extreme pain. There are no allegations that Mr. Hardy was screaming or crying out in pain or that there was some other patently obvious injury warranting an emergency response. Instead, Mr. Hardy was apparently able to explain, in detail, how he fell from the chair and the myriad of other ways in which the cell he was housed in was inconvenient or improper to house a person in a wheelchair.

Mr. Hardy has failed to plead facts sufficient to show that his medical need was objectively serious. As such, his claim fails the objectively serious prong of the deliberate indifference test and Deputy Rabie is entitled to qualified immunity and dismissal from this suit.

        *b.*        *Subjective Component*

The subjective component requires the prison official to have a culpable state of mind. *Farmer*, 511 U.S. at 834. The Supreme Court has held that a prison official cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both [1] be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [2] he must also draw the inference." *Farmer*, 511 U.S. at 837 (numbering added). The subjective component of an Eighth Amendment claim "presents a high evidentiary hurdle to . . . [§ 1983] plaintiffs." *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018) (quotation omitted). Likewise when a prison official knows that "his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he delays or refuses to fulfill that gatekeeper role due to deliberate indifference…" then the subjective component has been met. *Sealock v. Colorado,* 218 F3d 1205, 1211 (10th Cir. 2000). Here, Mr. Hardy has not shown that Deputy Rabie knew of an excessive risk to Mr. Hardy's health or safety.

As stated above, Deputy Rabie was made aware of the fact that Mr. Hardy had at some previous point fallen out of his wheelchair. However, when Deputy Rabie made contact with Mr. Hardy, Mr. Hardy was seated in his chair. Deputy Rabie did not come upon Mr. Hardy lying on the floor of his cell or with broken bones or other obvious injuries. While the facts pled may demonstrate that Deputy Rabie was made aware that Mr. Hardy had fallen, they do not demonstrate that Deputy Rabie knew of an *excessive* risk to Mr. Hardy's health or safety as the Second

7

Amended Complaint does not specifically allege what injury Mr. Hardy sustained and how this unnamed injury presented itself. And the Second Amended Complaint certainly does not demonstrate that Deputy Rabie had an actual knowledge of these alleged injuries and then that he specifically disregarded them.

Further, Deputy Rabie did not flatly ignore Mr. Hardy's notification. After being told what had occurred, *i.e.* that Mr. Hardy had fallen out of his wheelchair while attempting to transfer to the toilet, Deputy Rabie told Mr. Hardy that he needed to file a grievance (*e.g.*, use the jail's kite system to notify medical and/or others) to have the issue addressed. Deputy Rabie did not deny Mr. Hardy care, he only explained the way in which Mr. Hardy was to have his issue addressed. Deputies are not obligated to evaluate the medical condition themselves and treat Plaintiff's medical issue when medical professionals are fulfilling that role. *See*, *e.g.*, *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). In this regard, Deputy Rabie did not fail to fulfill his gatekeeper function.

Mr. Hardy conclusorily states that Deputy Rabie acted without regard to his rights or his safety, but fails to plead facts sufficient to back up those allegations. The facts here show that Deputy Rabie was unaware that the distress button in Mr. Hardy's cell had been activated. Mr. Hardy acknowledges that no one was told about the activation of the distress button. Further, when Deputy Rabie encountered Mr. Hardy, he asked if Mr. Hardy was alright, and upon learning about Mr. Hardy's fall, provided instructions on how Mr. Hardy was supposed to address his concerns and get care. In this case, there are nothing but unsupported conclusory allegations regarding Deputy Rabie's state of mind with regard to Mr. Hardy and his complaints. There are no facts supporting any contention that Deputy Rabie had the requisite state of mind required for a finding of deliberate indifference to a serious medical need.

As such, Deputy Rabie is entitled to qualified immunity because Mr. Hardy has pled facts sufficient to show that Deputy Rabie disregarded an excessive risk to Mr. Hardy's health or safety.

### 2. The law was not clearly established.

In determining whether a right is clearly established, a plaintiff must point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *See Schwartz v. Booker*, 702 F.3d 573, 587-88 (10th Cir. 2012). Thus, it is Plaintiff's burden to identify a case where an official acting under sufficiently similar circumstances was held to have violated a claimant's rights. *See White v. Pauley*, 137 S.Ct. 548, 552 (2017). "The dispositive question is whether the violative nature of the *particular conduct* is clearly established." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (emphasis in original). To satisfy this element, "existing precedent must have placed the statutory or constitutional question beyond debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

Mr. Hardy will be unable to provide a single Tenth Circuit or Supreme Court case where an individual employed by a law enforcement agency and working in a county jail was held liable for deliberate indifference to a serious medical need under circumstances sufficiently similar to those present here. Likewise, Mr. Hardy will be unable demonstrate that the weight of other authority clearly establishes such violations. For this reason as well, Deputy Rabie is entitled to qualified immunity and must be dismissed from this action.

### V.   CONCLUSION

For the foregoing reasons, Mr. Hardy's claims against Deputy Rabie should be dismissed with prejudice.

DATED: April 5, 2023.

        Respectfully submitted,

        <u>s/Kerri A. Booth</u>
        Kerri A. Booth
        Assistant County Attorney
        Michael A. Sink
        Assistant County Attorney
        4430 S. Adams County Pkwy
        5th Floor, Suite C5000B
        Brighton, CO  80601
        Phone: (720) 523-6116
        Fax: (720) 523-6114
        kbooth@adcogov.org

        *Counsel for Defendant Dennis Rabie*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2023, I caused the forgoing to be electronically filed with the Clerk of the Court using the PACER system; I further certify that I sent a copy of the foregoing to *pro se* Plaintiff Ralph Hardy via U.S. mail, postage prepaid, to:

Ralph Marcus Hardy
DOC #110262
Bent County Correctional Facility
11560 County Road FF-75, Unite SE-107-B
Las Animas, CO 81054

        *s/Kerri A. Booth*
        Kerri A. Booth
        Assistant County Attorney
        Michael A. Sink
        Assistant County Attorney
        4430 S. Adams County Pkwy
        5th Floor, Suite C5000B
        Brighton, CO  80601
        Phone: (720) 523-6116
        Fax: (720) 523-6114
        kbooth@adcogov.org

        *Counsel for Defendant Dennis Rabie*