IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-CV-02843-WJM-MDB

**RALPH MARCUS HARDY,**

    Plaintiff,

v.

**ADAMS COUNTY, a municipality,** *et al.*

    Defendants.

---

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

---

In the Court's March 18, 2024 order adopting in part the Magistrate Judge's recommendation on the Defendants' motions to dismiss, the Court granted Mr. Hardy:

> leave to file a **final** Third Amended Complaint by no later than April 22, 2024 that cures the pleading deficiencies referenced above. The Third Amended Complaint will be limited SOLELY to the claims referenced Part V.8. (a), (c), (d), (e), and (g), immediately above[.]

[ECF 92 at 40 (emphasis in original).] After two extensions of time, Mr. Hardy filed a motion to for leave to file a third amendment complaint. [ECF 105] He did so after Defendants Rabie and DeHerrera took a collateral order appeal to the Tenth Circuit from the Court's denial of qualified immunity. Mr. Hardy's third amended complaint, however, fails to comply with several portions of the Court's March 18, 2024 Order. Moreover, it seeks to amend allegations relating to Defendants Rabie and DeHerrera, which allegations are currently on appeal. The Defendants therefore oppose Mr. Hardy's motion to amend.

### RELEVANT PROCEDURAL HISTORY

1.     Mr. Hardy filed his original complaint on October 28, 2022. [ECF 1]

1

2. On November 25, 2022, after most defendants had been served [ECF 10], Mr. Hardy sought leave to file an amended complaint. [ECF 14.]

3. On December 5, 2022, Mr. Hardy filed his first amended complaint. [ECF 22.]

4. Later in December 2022, Mr. Hardy twice sought to amend his complaint to add Detention Specialist DeHerrera to his amended complaint. [ECF 25 & 34.]

5. On January 9, 2023, Defendants Adams County, the Sheriff, and Deputy Overmyer filed a motion to dismiss the first amended complaint. [ECF 35.]

6. On January 26, 2023, the Court granted Mr. Hardy's partially unopposed motion to add Defendant DeHerrera to the case, provided that it did not moot the pending motion to dismiss. [ECF 47.]

7. On February 17, 2023, Mr. Hardy filed his second amended complaint pursuant to the Court's January 26, 2023 order. [ECF 55]

8. On April 5, 2023, Deputy Rabie filed a motion to dismiss the second amended complaint and asserted, among other things, qualified immunity. [ECF 78]

9. On April 13, 2023, Detention Specialist DeHerrera likewise filed a motion to dismiss the second amended complaint and asserted, among other things, qualified immunity. [ECF 80]

10. On July 19, 2023, Magistrate Judge Dominguez Braswell recommended the defendants various motions to dismiss be granted in part and denied in part. [ECF 86.]

11. On August 2, 2023, the defendants variously filed objections to the Magistrate Judge's recommendations. [ECF 88, 89 & 90.]

12. Mr. Hardy did not file a response to the objections under Fed. R. Civ. P. 72(b).

2

13. On March 18, 2024, the Court entered an order adopting in part the Magistrate Judge's recommendation on the Defendants' motions to dismiss [ECF 92].

14. In that Order, the Court granted Mr. Hardy limited leave to file a final Third Amended Complaint by no later than April 22, 2024 to cure the pleading deficiencies discussed therein. [ECF 92]

15. The three pleading deficiencies identified by the Court were:

- A failure to comply with Colo. Rev. Stat. § 30-11-105 and properly name the Board of County Commissioners of the County of Adams as a defendant in claims one through four [ECF 92 at 3-4, n.5];

- A further failure to state a claim under Title II of the ADA against "Adams County" due to (1) attempting to assert an impermissible hybrid ADA / Section 1983 claim; and (2) the inapplicability of the ADA to the detention facility given its construction date, which date Mr. Hardy had previously acknowledged. [*Id.* at 23-25]; and

- A failure to state a claim under Section 1983 for excessive force against former Sheriff Reigenborn in his individual capacity due to Mr. Hardy's merely conclusory allegations against Mr. Reigenborn, which lacked any "specific instances" where Mr. Reigenborn was alleged to have personally participated in or encouraged his deputies to violate Mr. Hardy's civil rights. [*Id.* at 29, *citing* ECF 86, Recom. at 2[3], *analyzing allegations* in ECF 55, SAC ¶¶ 5, 6, 13, 16, 18.]

16. The Court instructed Mr. Hardy that his amended complaint should be limited to only five claims: (1) deliberate indifference against Deputy Rabie [ECF 92 at 39-40, Part V.8(a)]; (2) Title II of the ADA against Adams County [*Id.* at Part V.8(c)]; (3) excessive force against Adams County [*Id.* at Part V.8(d)]; (4) excessive force against Sheriff Reigenborn in his official

3

capacity [*Id.* at Part V.8(e)]; and (5) deliberate indifference against Detention Specialist DeHerrera [*Id.* at Part V.8(g)].

17. On April 9, 2024, Defendants Rabie and DeHerrera filed a collateral order appeal to the U.S. Court of Appeals for the Tenth Circuit raising the issue of the Court's denial of qualified immunity. [ECF 95.]

18. By April 22, 2024, Mr. Hardy had not filed his amended complaint. The Court granted him an extension of time to do so until May 3, 2024. [ECF 100]

19. By May 3, 2024, Mr. Hardy had not filed his amended complaint. On May 7, 2024, Mr. Hardy sought an extension of time to file his amended complaint. [ECF 102]

20. At the May 13, 2024, pre-scheduling conference, the Court granted him another extension of time to do so until June 17, 2024. [ECF 104] The Court noted Mr. Hardy's assertion at that hearing that "he has since discovered new information which lends support to his claim alleging insufficient training of sheriff's deputies." [*Id.*]

21. On June 4, 2024, Defendants Rabie and DeHerrera filed their opening brief in Appeal No. 24-1138.[1]

22. On June 20, 2024, the Court received Mr. Hardy's motion to amend and a copy of his proposed third amended complaint. [ECF 105]

## ARGUMENT

The Court should deny Mr. Hardy's motion to amend his complaint for four primary reasons: (1) Mr. Hardy did not cure either of the pleading deficiencies relating to his claims against "Adams County"; (2) Mr. Hardy did not cure the pleading deficiency in his excessive force claim

---

[1] Mr. Hardy is now represented by counsel in that appeal. His response brief is currently due on August 5, 2024.

4

against Mr. Reigenborn and instead seeks to assert new forms of excessive force and deliberate indifference claims against Mr. Reigenborn based on alleged "new information," which exceeds the scope of the Court's prior authorization in its March 18, 2024 order; (3) the Court lacks jurisdiction to allow an amendment of the allegations against Defendants Rabie and DeHerrera; and (4) if the Court allows the third amended complaint, it will both moot the pending appeal and necessitate the refiling of motions to dismiss by all defendants to address the sufficiency of the new allegations and modified claims.

As such, the Court should deny Mr. Hardy's motion to amend and (1) dismiss claims one through four against "Adams County," (2) dismiss claim three under the under Title II of the ADA against Adams County, Sheriff Claps, and Deputy Overmyer either for failure to cure the identified pleading deficiencies or based on Mr. Hardy's stated intent to withdraw that claim [ECF 105 at 1-2 & n.1 ("Mr. Hardy has chosen not to amend his claim three, which nullifies that claim in its entirety.")]; and (3) dismiss Mr. Hardy's Section 1983 excessive force claim against former Sheriff Reigenborn in his individual capacity for failure to cure the identified pleading deficiencies.

## I. MR. HARDY DID NOT CURE THE PLEADING DEFICIENCY RELATING TO HIS CLAIMS AGAINST "ADAMS COUNTY" AND HE HAS WITHDRAWN HIS ADA CLAIM.

Mr. Hardy's third amended complaint neither satisfies the requirements of Colo. Rev. Stat. § 30-11-105, nor cures the pleading deficiencies in his third claim for relief under Title II of the ADA, the latter of which Mr. Hardy expressly acknowledges in his motion to amend.

### A. The Court should dismiss all four claims against "Adams County" due to Mr. Hardy's failure to satisfy the requirements of Colo. Rev. Stat. § 30-11-105.

In footnote 5 of its March 18, 2024 order, the Court stated:

> Plaintiff has named "Adams County, a municipality" as a defendant. (ECF No. 55.) However, in another case, the undersigned observed that "[u]nder Colorado law, any suit against a county must be brought in the name of the 'board of county commissioners of the county'"[.] *Estate of Blodgett v. Correct Care Sols., LLC*,

5

> 2018 WL 6528109, at *8 (D. Colo. Dec. 12, 2018) (*quoting* Colo. Rev. Stat. § 30-11-105). "An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." *Id.* (*quoting Calahan v. Jefferson Cnty.*, 429 P.2d 301, 302 (Colo. 1967)). "The Tenth Circuit views this statutory provision as jurisdictional." *Id.* (*citing Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005)). "Therefore, Plaintiff's failure to properly name the board of county commissioners of Montrose County alone is grounds for dismissal." *Id.* (*citing Hand v. Cummings*, 2012 WL 4442752, at *2 (D. Colo. Aug. 8, 2012)).
>
> As in Estate of Blodgett, Plaintiff has named the incorrect municipal defendant. In the Third Amended Complaint, he must name the proper municipal defendant, the Adams County Board of County Commissioners. **Should he fail to do so, his claims against the municipal defendant will be subject to dismissal without prejudice WITHOUT FURTHER NOTICE.**

[ECF 92 at 3-4, n.5 (emphasis in original).]

Mr. Hardy's proposed third amended complaint did not comply with the requirements of Colo. Rev. Stat. § 30-11-105, which is jurisdictional. *Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005). The caption remains unchanged. "Adams County," moreover, is still pled as no more than a "municipality" in the complaint. [ECF 105-1 at 2, 5, ¶¶ 1-2], which is legally incorrect. *See, e.g.*, *McFerson v. Bd. of Cty. Commr's*, 241 P. 733, 733-34 (Colo. 1925) ("[A] county is not, strictly speaking, a municipal corporation."); *see also City of Denver v. Bonesteel*, 65 P. 628, 628 (Colo. 1901); *Stermer v. Bd. of Cty. Commr's*, 38 P. 839, 841 (Colo. App. 1895); 1 Dillon Mun. Corp., §§ 19 & 22; *compare* Title 30 the Colorado Revised Statutes ("County Government") *with* Title 31 ("Municipal Government"). In addition, the proposed complaint contains no express allegations of any actions or inactions of the board of county commissioners. As such, the Court should dismiss all claims (one through four in the second amended complaint) that Mr. Hardy attempts to assert against "Adams County," and direct the Clerk to amend the caption accordingly. *See, e.g.*, *Sutton v. Van Leeuwen*, No. 14-cv-02379-RM-MJW, 2016 U.S. Dist. LEXIS 45977, *29 (D. Colo. April 5, 2016).

6

      **B.**      **The Court should dismiss Claim Three under Title II of the ADA against all Defendants due to Mr. Hardy's failure to cure the pleading deficiencies identified in the Court's March 18, 2024 order.**

According to Mr. Hardy, "[he] has chosen not to amend his claim three, which nullifies that claim in its entirety." [ECF 105 at 1-2 & n.1.] The Defendants agree with Mr. Hardy that his failure to amend his pleading to cure the deficiencies identified by the Court in its March 18, 2024 order, effectively nullifies that claim. That nullification, however, extends beyond merely "Adams County." It extends to all three defendants named in that claim – "Adams County," Sheriff Claps, and Deputy Overmyer. [ECF 55 at 16.] The two deficiencies identified by the Court – namely, (1) an impermissible attempt to assert a hybrid ADA / Section 1983 claim; and (2) the inapplicability of the ADA to the detention facility given its construction date – apply with equal force to all three defendants named in that claim. [ECF 92 at 23-25].

\*      \*      \*

Thus, the Court should both (1) dismiss claims one through four against "Adams County," and (2) dismiss claim three under Title II of the ADA against "Adams County," Sheriff Claps, and Deputy Overmyer either for failure to cure the identified pleading deficiencies or based on Mr. Hardy's stated intent to withdraw that claim.

      **II.**      **MR. HARDY DID NOT CURE THE PLEADING DEFICIENCY IN HIS EXCESSIVE FORCE CLAIM AGAINST MR. REIGENBORN AND INSTEAD SEEKS TO ASSERT NEW GROUNDS FOR AN EXCESSIVE FORCE AND DELIBERATE INDIFFERECE CLAIM AGAINST MR. REIGENBORN BASED ON ALLEGED "NEW INFORMATION[.]"**

Among the pleading deficiencies identified by the Court in its March 18, 2024 order was a failure to state a claim under Section 1983 for excessive force against former Sheriff Reigenborn in his individual capacity due to Mr. Hardy's merely conclusory allegations against Mr. Reigenborn, which lacked any "specific instances" where Mr. Reigenborn was alleged to have

personally participated in or encouraged his deputies to violate Mr. Hardy's civil rights. [*Id.* at 29, *citing* ECF 86, Recom. at 2[3], *analyzing allegations* in ECF 55, SAC ¶¶ 5, 6, 13, 16, 18.]

In his proposed third amended complaint, Mr. Hardy does not identify any "specific instances" where Mr. Reigenborn was alleged to have personally participated in or encouraged his deputies to violate Mr. Hardy's civil rights. Nor does Mr. Hardy move beyond the insufficient conclusory allegations of Mr. Reigenborn's alleged misconduct regarding his excessive force claim set forth in claim one. [ECF 105-1, ¶¶ 1-26.] In short, he does not cure the pleading deficiency against Mr. Reigenborn in his excessive force claim previously identified by the Court.

Instead, Mr. Hardy now asserts an alternative theory against Mr. Reigenborn – both for his excessive force claim and his deliberate indifference claim – which was not previously pled. [ECF 105-1, ¶¶ 22 & n.2, 24, 57.] Mr. Hardy acknowledges this claim is based on new information – namely, Mr. Reigenborn's recent conviction for official misconduct, Colo. Rev. Stat. § 18-8-404, and forgery, Colo. Rev. Stat. § 18-5-104. *See* Exhibit A, hereto.

Mr. Hardy characterizes this conviction as one for "falsifying his qualifications to the Adams County electorate, to run for Sheriff." [ECF 105-1, ¶ 22, n.2.] In consequence of this conviction, Mr. Hardy alleges, among other things:

> In this case, Adams County placed a rogue Sheriff at the helm of its virtual criminal justice operations in the ACDF, that resulted in an array of unlawful municipal and agency policies, customs, or practices; and a violent arrogation of Mr. Hardy's Fourteenth Amendment guarantees, that left Mr. Hardy permanently injured and bleeding internally, for over 31 months.

[*Id.* at ¶ 22.] He further alleges that this is so because:

> Defendant Reigenborn was personally responsible for the unconstitutional and intolerable conditions of confinement in the Adams County Detention Facility. Although he was personally responsible for the training, supervision and discipline of his subordinate deputies, he had no viable ability to complete the responsibility, because he falsified his own training; and was constitutionally deliberately indifferent to the known or obvious consequences of trying to produce good fruit from a poisonous tree.

8

[*Id.* at ¶ 24.]

Mr. Hardy's new "poisonous tree" theory is, in effect, a void ab initio argument. It suffers from several fatal flaws, however. First, it exceeds the scope of the Court's prior authorization to amend only certain allegations within his prior complaint.[2] Second, it misstates the basis for Mr. Reigenborn's conviction. He was not convicted "for falsifying his qualifications to the Adams County electorate, to run for Sheriff." [ECF 105-1, ¶ 22, n.2.] Rather, as Exhibit B attached hereto demonstrates, he pled guilty to taking credit *after his election in 2018* for annual training courses that he did not attend. *See Tal v. Hogan*, 453 F.3d 1244, 1064 n.24 (10th Cir. 2006) (on a motion to dismiss, a court may "take judicial notice of its own files and records, as well as facts which are a matter of public record. However, [t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein" (quotations omitted) (alteration in original)). His conviction for official misconduct, Colo. Rev. Stat. § 18-8-404, moreover, presupposes he was a bona fide public servant. *See* Colo. Rev. Stat. §§ 18-8-401; 18-8-101(3); 18-1-901(3)(o).

Third, even if the Court credited Mr. Hardy's reframing of the conviction, his theory would require this Court to apply, post-hoc, Colorado's statutory election scheme over the qualification of a state officer under state law, which is ordinarily the exclusive power of the State. *See Trump v. Anderson*, 601 U. S. 100, 110-11 (2024); *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998). And the Court would have to undertake this highly fraught exercise without any evident legal authority that such a void ab initio argument is sufficient to support a claim under Section 1983, whether for excessive force or deliberate indifference.

---

[2] At other points, Mr. Hardy also adds allegations against non-parties, including agents of the State of Colorado, and the Colorado Judiciary, and attempts to impute them to the Sheriff or "Adams County." [*See, e.g.*, ECF 105-1, ¶¶ 14-15, 18, 28 & n.3; 29, 31-32] These allegations, if permitted, may implicate the Eleventh Amendment or various abstention doctrines.

### III.   THE COURT LACKS JURISDICTION TO ALLOW AN AMENDMENT OF THE ALLEGATIONS AGAINST DEFENDANTS RABIE AND DEHERRERA.

The Court's March 18, 2024 order also did not authorize Mr. Hardy to amend his allegations against Defendants Rabie and DeHerrera. Yet he did so. With an evident eye toward arguments made on appeal, Mr. Hardy now alleges, among other things, that (1) according to jail materials, the sole purpose of the call buttons is "emergency purposes only" (ECF 105-1, ¶ 41); (2) unspecified detention facility staff had been previously trained on responding to medical calls in a manner that varies from the training provided under Sheriff Reigenborn (*Id.* at ¶¶ 41-42); (3) Mr. Hardy "had absolutely no history of activating his emergency distress button," and had repeated conversations with unnamed corrections staff regarding his medical conditions (*Id.* at ¶ 44) ; (4) the jail was in a lockdown status at the time of his fall (*Id.* at ¶ 45); (5) Mr. Hardy "had prior verbal communication with Mr. DeHerrera[,]" (*Id.* at ¶ 46), (6) Deputy Rabie interacted with Mr. Hardy over an hour before his shift change (*Id.* at ¶ 48.) Mr. Hardy also modifies the quotation attributed to Deputy Chavez to refer to "staff" rather than living unit deputies. (ECF 105-1, ¶ 53.) None of these allegations were previously made against Defendants Rabie and DeHerrera in the second amended complaint. *Cf.* ECF 55, ¶¶ 20-37.

On April 9, 2024, Defendants Rabie and DeHerrera filed a collateral order appeal to the U.S. Court of Appeals for the Tenth Circuit, under *Mitchell v. Forsyth*, 472 U.S. 511, 524-30, (1985), which raises the issue of the Court's denial of qualified immunity. [ECF 95.] Defendants Rabie and DeHerrera's appeal necessarily turns on the exact wording of the allegations made against them in Mr. Hardy's second amended complaint.

The "filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal[.]" *Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998). Although the Tenth Circuit does not appear to have directly addressed this issue, at least

10

one circuit has held a district court does not retain jurisdiction sufficient to allow an amendment of complaint that pertains to the allegations subject to a pending collateral order appeal under *Michell v. Forsyth*. *May v. Sheahan*, 226 F.3d 876, 880-81 (7th Cir. 2000). Under this rule, an amended complaint filed while an appeal is pending is a nullity and the complaint in effect when this appeal was filed is the operative document. *Id.* at 881. *May* did not quite involve the situation present here where the Court retained jurisdiction over other parties and other claims that were not taken up on appeal. But *May*'s reasoning at least applies to the Mr. Hardy's attempts to amend those portions of his prior complaint that reference Defendants Rabie and DeHerrera or bear on his claims against them. As such, the Court lacks jurisdiction to accept Mr. Hardy's third amended complaint as drafted and submitted.

> IV. **IF THE COURT NEVERTHELESS HAS JURISDICTON TO ALLOW THE THIRD AMENDED COMPLAINT, IT WILL BOTH MOOT THE PENDING APPEAL AND NECESSITATE THE REFILING OF MOTIONS TO DISMISS BY ALL DEFENDANTS TO ADDRESS THE SUFFICIENCY OF THE NEW ALLEGATIONS AND MODIFIED CLAIMS.**

If, despite the jurisdictional issues, the Court allows Mr. Hardy to file his third amended complaint to include the new allegations against Defendants Rabie and DeHerrera, it will moot the pending appeal because it will change the relevant operative factual allegations. *See, e.g.*, *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033-34 (5th Cir. 2023); *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 764 (9th Cir. 2022).

Moreover, if the Court allows the third amended complaint, all defendants will need to file new motions to dismiss to address the sufficiency of the new allegations and modified claims, as well as to assert the defense of qualified immunity. "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect [....] Such a rule establishes to which complaint opposing parties should direct any subsequent motions." *Davis v.*

*TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991); *see also Traxler v. Arapahoe County Sheriff*, 2021 U.S. Dist. LEXIS 233022, *20-21 (D. Colo. July 21, 2021). Where, as here, an amended complaint contains material new allegations, defendants risk waiver of their defenses if they do not reassert them in a motion to dismiss.

Thus, granting Mr. Hardy's motion to amend will place the parties back to where they began nearly two years ago despite the expenditure of significant judicial and party resources, which would be prejudicial. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006) ("Most often, [prejudice] occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.").

## CONCLUSION

For the foregoing reasons, Mr. Hardy's proposed third amended complaint does not satisfy the conditions set forth by the Court in its March 18, 2024 order. Thus, Defendants respectfully request the Court deny Mr. Hardy's motion to amend and (1) dismiss claims one through four against "Adams County," (2) dismiss claim three under the under Title II of the ADA against Adams County, Sheriff Claps, and Deputy Overmyer either for failure to cure the identified pleading deficiencies or based on Mr. Hardy's stated intent to withdraw that claim [ECF 105 at 1-2 & n.1]; and (3) dismiss Mr. Hardy's Section 1983 excessive force claim against former Sheriff Reigenborn in his individual capacity for failure to cure the identified pleading deficiencies.

DATED: July 11, 2024.

      Respectfully submitted,

      <u>s/Michael A. Sink</u>
      Michael A. Sink
      Assistant County Attorney
      4430 S. Adams County Pkwy
      5th Floor, Suite C5000B
      Brighton, CO  80601
      Phone: (720) 523-6116
      Fax: (720) 523-6114
      msink@adcogov.org

      *Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, I caused the forgoing to be electronically filed with the Clerk of the Court using the PACER system. I further certify that I sent a copy of the foregoing to *pro se* Plaintiff Ralph Hardy, at his last known address, via U.S. Regular Mail, postage prepaid, to:

Ralph Marcus Hardy
DOC #110262
Trinidad Correctional Facility
2100 Hwy 350 East
Model, CO 81059

          Respectfully submitted,

          *s/Michael A. Sink*
          Michael A. Sink
          Assistant County Attorney
          4430 S. Adams County Pkwy
          5th Floor, Suite C5000B
          Brighton, CO  80601
          Phone: (720) 523-6116
          Fax: (720) 523-6114
          msink@adcogov.org

          *Counsel for Defendants*