**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-CV-02843-WJM-MDB

**RALPH MARCUS HARDY,**

 Plaintiff,

v.

**ADAMS COUNTY, a municipality,** *et al.*

 Defendants.

---

**DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO
WITHDRAW HIS MOTON TO AMEND HIS COMPLAINT [ECF 115]**

---

Defendants hereby file their partial opposition to Plaintiff's "unopposed" motion [ECF 115] to withdraw his prior motion to amend his complaint. [ECF 105]

1. As Exhibit A hereto establishes, counsel for Mr. Hardy conferred by email on a motion to withdraw his motion to file an amended complaint. No additional forms of relief were raised. As Exhibit A also establishes, undersigned counsel consented to Mr. Hardy withdrawing that motion and no more.

2. Despite the limited scope of Mr. Hardy's conferral, Mr. Hardy now expresses an intent "to file a renewed motion to amend his complaint once the pending appeal has been resolved" and asks, as an alternative form of relief, that the Court deny his motion to amend "without prejudice to renewal following the issuance of the Tenth Circuit's mandate in the [pending] appeal[.]" [ECF 115 at 2.]

3.      As Exhibit A establishes, Mr. Hardy did not confer on that requested form of alternative relief, despite his unqualified statement that "Defendants do not oppose the relief requested herein." [ECF 115 at 1, ¶ 1.]

4.      Defendants oppose the requested form of alternative relief and any other attempt by Mr. Hardy to obtain yet another amendment to his complaint.

5.      For the sake of clarity, the Court's March 18th order did not dismiss all of Mr. Hardy's claims. The Court instructed Mr. Hardy that his potential amended complaint should be limited to only five claims: (1) deliberate indifference against Deputy Rabie [ECF 92 at 39-40, Part V.8(a)]; (2) Title II of the ADA against Adams County [*Id.* at Part V.8(c)]; (3) Section 1983 claims against "Adams County" [*Id.* at Part V.8(d)]; (4) excessive force against former Sheriff Reigenborn in his personal capacity [*Id.* at Part V.8(e)]; and (5) deliberate indifference against Detention Specialist DeHerrera [*Id.* at Part V.8(g)].

6.      Only a subset of these remaining claims is subject to the pending appeal, namely claims one and five.

7.      Moreover, as to claims two through four, the Court's order also identified three pleading deficiencies that Mr. Hardy was permitted to attempt to cure:

- A failure to comply with Colo. Rev. Stat. § 30-11-105 and properly name the Board of County Commissioners of the County of Adams as a defendant in claims one through four [ECF 92 at 3-4, n.5];

- A further failure to state a claim under Title II of the ADA against "Adams County" due to (1) attempting to assert an impermissible hybrid ADA / Section 1983 claim; and (2) the inapplicability of the ADA to the detention facility given its construction date, which date Mr. Hardy had previously acknowledged. [*Id.* at 23-25]; and

- A failure to state a claim under Section 1983 for excessive force against former Sheriff Reigenborn in his individual capacity due to Mr. Hardy's merely conclusory allegations against Mr. Reigenborn, which lacked any "specific instances" where Mr. Reigenborn was alleged to have personally participated in or encouraged his deputies to violate Mr. Hardy's civil rights. [*Id.* at 29, *citing* ECF 86, Recom. at 2[3], *analyzing allegations* in ECF 55, SAC ¶¶ 5, 6, 13, 16, 18.]

8.    The pending appeal has no bearing on the various deficiencies identified by the Court in its March 18 order. Stated positively, this Court retains jurisdiction over all claims and all parties not subject to the pending collateral order appeal.

9.    As set forth in Defendants' response to Mr. Hardy's motion to amend [ECF 110], Mr. Hardy's proffered third amended complaint fails to cure the various deficiencies identified by the Court in its March 18 order.

10.    As to one of the uncured claims, Mr. Hardy's third claim for relief under Title II of the ADA, he affirmatively withdrew it in his motion to amend. [*See* ECF 105 at 1-2 & n.1 ("Mr. Hardy has chosen not to amend his claim three, which nullifies that claim in its entirety.").]

11.    By withdrawing his pending motion to amend (or by the Court's denial of the pending motion), Mr. Hardy falls back to his second amended complaint and the conditions set forth in the Court's March 18th order.

12.    Because the conditions of the March 18th order have not been met, the Court should (1) dismiss claims one through four against "Adams County," (2) dismiss claim three under Title II of the ADA against any remaining defendants (to the extent there are any) - for failure to cure the identified pleading deficiencies (or based on Mr. Hardy's stated intent to withdraw that claim);

and (3) dismiss Mr. Hardy's Section 1983 excessive force claim against former Sheriff Reigenborn in his individual capacity for failure to cure the identified pleading deficiencies.

13.    The net consequence of this would be to narrow this lawsuit to only those claims and those defendants currently on appeal before the Tenth Circuit.

14.    Mr. Hardy's stated intent to file "a renewed motion to amend his complaint once the pending appeal has been resolved" and his alternative form of requested relief - that the Court deny his motion to amend "without prejudice to renewal following the issuance of the Tenth Circuit's mandate in the [pending] appeal[.]" [ECF 115 at 2] – is unwarranted for several reasons.

15.    The current motion to amend seeks, among other things, to the amend the claims on appeal. Whether a "renewed" motion to amend the claims presently on appeal should be permitted is something that should be considered at some future date only after the appeal is resolved. Pre-granting Mr. Hardy leave to amend (or indefinitely extending the leave previously granted) without qualification raises not only the same jurisdictional issues set forth in the original opposition, but potentially renders the appeal advisory only.

16.    As for the putative uncured claims, which are not subject to the present appeal, had Mr. Hardy limited himself to the scope of the March 18 order, no motion would have been necessary. As it stands, Mr. Hardy has had over four months – three months more than the Court initially granted him – to cure the deficiencies identified by the Court in its March 18th order. But he has failed to do so.

17.    Mr. Hardy's failure to address the deficiencies identified in the Court's March 18th order is neither related to nor excused by the pending appeal or the limited appearance of his new counsel. Nor has he provided any justification for needing an indefinite extension of time for yet another chance to do so.

18.     Mr. Hardy's stated intent to file a personal capacity claim against Mr. Reigenborn, moreover, may well trigger another assertion of qualified immunity if Mr. Hardy is permitted to do so.

19.     Pre-granting Mr. Hardy leave to amend (or indefinitely extending the leave previously granted) to cure his deficient claims against "Adams County" and former Sheriff Reigenborn would leave Mr. Hardy's putative claims against them in limbo for likely more than a year while the pending appeal plays out - and all for no reason. Because to date Mr. Hardy has not stated viable claims against these Defendants, they should be dismissed as the Court previously indicated in its March 18th order and without granting further leave to amend.

## CONCLUSION

For the foregoing reasons, the Court should either deny the motion to amend for the reasons set forth in Defendants' motion, or allow Mr. Hardy to withdraw his motion to amend solely to allow him to stand on his second amended complaint as previously filed and passed upon by the Court in its March 18th Order. Either way, this should result in the dismissal of the remainder of the active claims in the case. If Mr. Hardy files yet another motion to amend his complaint, Defendants intend to oppose it on various grounds.

DATED: July 30, 2024.

Respectfully submitted,

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
msink@adcogov.org

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 30, 2024, I caused the forgoing to be electronically filed with the Clerk of the Court using the PACER system which will send notification to all counsel of record.

Respectfully submitted,

<u>*s/Michael A. Sink*</u>
Michael A. Sink
Assistant County Attorney
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
msink@adcogov.org

*Counsel for Defendants*